**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVON NEWTON,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **CIVIL ACTION NO. 25-CV-5053** |
| | : | |
| **CURRAN FROM CORRECTIONAL** | : | |
| **FACILITY,** *et al.*, | : | |
|     **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**MARSTON, J.**                                                                                          **March 9, 2026**

Devon Newton filed this civil action against Curran Fromhold Correctional Facility[1]

("CFCF") and several unnamed CFCF employees.[2]  (Doc. No. 1.)  Newton also seeks leave to

proceed *in forma pauperis*.  (Doc. No. 4.)  For the following reasons, the Court will grant

Newton's application to proceed *in forma pauperis* and dismiss his Complaint in part with

prejudice and in part without prejudice.  He will be given an opportunity to file an amended

complaint to the extent he can in good faith correct the deficiencies noted by the Court as to the

claims dismissed without prejudice.

**I.    FACTUAL ALLEGATIONS[3]**

Newton's factual allegations are cryptic and difficult to follow.  He asserts that some time

during the "months of 2022 and 2023," he was pepper sprayed and strip searched by unspecified

---

[1] Newton refers to the prison throughout the Complaint incorrectly as "Curran From Correctional Facility."

[2] Newton names as Defendants:  (1) CFCF; (2) CFCF Correctional Officers; (3) CFCF Sergeants; (4) CFCF Lieutenants & Captains; and (5) Certified Emergency Response Team.  (Doc. No. 1 at 1–3.)

[3] The factual allegations set forth in this Memorandum are taken from the Complaint (Doc. No. 1), which consists of the Court's preprinted form available for prisoners to file civil rights claims as well as typewritten pages.  The Court adopts the sequential pagination applied to the entire submission by the CM/ECF docketing system.  Punctuation, spelling, and capitalization errors in the Complaint have been cleaned up as necessary.

individuals at CFCF.  (Doc. No. 1 at 4–5.)  Newton alleges he was "pepper sprayed excessively," which caused him "seizure type side effects[,]" "skin inflammatory injuries," "temporary blindness, loss of hair, [and] loss of eyesight."  (*Id*. at 5.)  He claims that a "White Collar Sergeant, White Collar Lieutenant and White Collar Captain, Correctional Officers and CERT Team Officers violated the 4th Amendment with a strip search policy process."  (*Id*. at 4.)  It is not clear what Newton means by "a strip search policy process."  Newton does not otherwise describe the circumstances of the incident, failing to identify who was involved, when it occurred, where it occurred at CFCF, or what prompted the incident.  (*See generally id*.)  He seeks $10 million in damages.[4]  (*Id*.)

**II.      MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

The Court will grant Newton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

**III.     SCREENING UNDER § 1915(E)**

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted."  *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

---

[4] The Court notes that Newton appears to be realleging the strip search and pepper spray claims that he previously asserted and abandoned in two prior suits filed with this Court.  *See Newton v. Certified Emergency Response Team*, No. 25-261 (E.D. Pa.); *Newton v. Phila. Industrial Corr. Ctr.*, No. 25-913 (E.D. Pa.).

**A.        Legal Standard**

In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice.  *Id.*  However, because Newton is proceeding pro se, we liberally construe the allegations in his Complaint.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.*  (cleaned up).  The

3

important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### B.   Discussion

Newton's Complaint fails to satisfy Rule 8.  Based on the assertion that he was strip searched and "excessively" pepper sprayed while at CFCF, the Court understands him to allege a Fourth Amendment claim for unreasonable search and seizure, and an Eighth Amendment claim for excessive use of force.[5]  But neither claim is plausible.

Prisoners retain a limited Fourth Amendment right to privacy while incarcerated, and strip searches in a correctional setting are constitutional so long as they are conducted in a reasonable manner.  *See Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 621 F.3d 296, 309-11 (3d Cir. 2010), *aff'd*, 566 U.S. 318 (2012) (finding that where prison officials conduct strip searches in a reasonable manner to maintain security and to prevent the introduction of contraband or weapons in the facility, they do not violate the Fourth Amendment); *see also Bell v. Wolfish*, 441 U.S. 520, 558-59 (1979) (stating that when determining the reasonableness of a strip search, courts must balance "the need for the particular search against the invasion of personal rights that the search entails" and consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.").  Here, Newton does not explain how the particular strip search conducted on him was unreasonable; he merely asserts that one occurred.  Accordingly, he fails to allege a plausible Fourth Amendment violation.  *See Shepard v. Overmeyer*, No. 23-

---

[5] Newton also cites other constitutional provisions, including the Fifth and Sixth Amendments, however a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court . . . ."  *See Campbell v. LVNV Funding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).  The Court does not discuss these claims further because they remain entirely undeveloped in the Complaint.

268, 2024 WL 4680410, at *7 (W.D. Pa. Nov. 5, 2024) (dismissing Fourth Amendment claim where plaintiff failed to allege that strip search was unreasonable).

Similarly, the use of pepper spray is constitutional in the correctional setting when necessary to maintain or restore order. *See Gibson v. Flemming*, 837 F. App'x 860, 862 (3d Cir. 2020) ("The use of chemical agents to subdue recalcitrant prisoners is not cruel and unusual when reasonably necessary") (quoting *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)); *see also Passmore v. Ianello*, 528 F. App'x 144, 147 (3d Cir. 2013) (explaining that the use of chemical agents is not a per se constitutional violation). While the use of pepper spray may be excessive in certain situations, Newton fails to provide any factual allegations indicating that its use was excessive in his case. Accordingly, he fails to allege a plausible excessive use of force claim. *See Passmore*, 528 F. App'x at 147; *see also Gay v. Stevens*, No. 10-6354, 2011 WL 5276535, at *5 (D.N.J. Nov. 2, 2011) (dismissing Eighth Amendment claim where plaintiff "failed to allege *any* facts that would demonstrate that the force was excessive under the circumstances or that the force was applied maliciously and sadistically, as opposed to in a good faith effort to restore order" and stating that "[t]he mere assertion that force was used against a prisoner is not sufficient to state a claim for an Eighth Amendment violation").

Further, Newton does not allege that any Defendant was personally involved in the violation of his constitutional rights. Newton asserts that a "White Collar Sergeant, White Collar Lieutenant and White Collar Captain, Correctional Officers and CERT Team Officers violated the 4th Amendment with a strip search policy process." (Doc. No. 1 at 4.) This vague statement fails to allege what any Defendant specifically did to violate his Fourth and Eighth Amendment rights. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (explaining that "all civil complaints must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me

5

accusation.'" (citation omitted)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). For his claims to be plausible, Newton must allege sufficient facts for the court to reasonably infer that each defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

Moreover, the generic way that Newton identifies the Defendants is insufficient to allege their personal involvement. He refers to general groups of CFCF employees based on their titles (i.e., "Correctional Officers," "Sergeants," "Lieutenants & Captains," "Certified Emergency Response Team").[6] (Doc. No. 1 at 2–3.) To assert a plausible claim, Newton "cannot group all prison officials together in broad-based categories . . . without articulating how each defendant was involved in the alleged violation of his rights." *Hernandez v. Delaware County*, No. 22-4187, 2023 WL 349254, at *3 (E.D. Pa. Jan. 20, 2023) (citing *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff)).

Newton also must allege sufficient information regarding the timing of the incident to give the Defendants fair notice of his claim. Newton fails to allege when the incident occurred,

---

[6] Newton also names CFCF itself as a Defendant in the caption of the Complaint but does not list the prison among the parties to the lawsuit. (Doc. No. 1 at 1–3.) To the extent Newton intended to assert constitutional claims against CFCF those claims must be dismissed because a prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).

other than a vague reference to the "months of 2022–2023.[7] *See Smith v. Def. Distribution Post Sec.*, No. 24-162, 2024 WL 5695579, at \*4 (M.D. Pa. July 8, 2024) (dismissing complaint under Rule 8 where plaintiff "does not describe when or where [the] alleged wrongdoing occurred"), *report and recommendation adopted*, 2024 WL 5695665 (M.D. Pa. Aug. 19, 2024).  To the extent Newton can allege what specific Defendants did to violate his rights and when, he may file an amended complaint.

## IV.      CONCLUSION

For the reasons stated, the Court dismisses the Complaint in part with prejudice and in part without prejudice.  The claims against CFCF are dismissed with prejudice.  The remaining claims are dismissed without prejudice.  An appropriate Order with additional information about amendment will be entered separately.

---

[7] Newton filed this suit on August 28, 2025, based on incidents that occurred during the "months of 2022-2023."  To the extent Newton filed this lawsuit more than two years after the events giving rise to his claims, those claims may now be time-barred because they are subject to Pennsylvania's two-year statute of limitations for personal injury actions.  *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose," which in Pennsylvania is two years) (citing 42 Pa. Cons. Stat. § 5524(2)).